The WHITAKER.

[1 Spr. 282; [1] 18 Law Rep. 497.]

District Court, D. Massachusetts. Feb., 1855.

SALVAGE SERVICES—CONTRACT FOR COMPENSATION—LABORERS HIRED BY CONTRACTOR.

1. It is essential to a claim for salvage, that the services should contribute to ultimate safety.
[Cited in The Choteau, 9 Fed. 212.]

2. A contract to labor for the relief of a vessel in peril, at an agreed compensation, to be paid at all events, displaces a claim for salvage.
[Cited in The Camanche v. Coast Wrecking Co. of New York, 8 Wall. (75 U. S.) 478. Disapproved in The Louisa Jane, Case No. 8,532.]

3. An agreement for a specified sum is binding upon the salvor, and his compensation, although still salvage, is limited to the amount agreed.
[Cited in The Silver Spray, Case No. 12,857.]

4. Persons assisting such salvor may maintain a claim for a salvage compensation, if their right to payment depends upon success.
[Cited in The Silver Spray, Case No. 12,857; The Marquette, Id. 9,101; The Louisa Jane, Id. 8,532.]

5. But the court will take care that the owner of the property shall, in such case, be protected against the contractor, and shall not be forced to pay, in the whole, more than the amount agreed.

This was a suit in rem, against the brig Whitaker, to recover a salvage compensation for services rendered to said brig. It was brought after the decree of the court dismissing the libel in the case of The Whitaker. The services for which compensation was sought, were the same as set forth in the former suit [Case No. 17,524], and the libellants were the same, except that the men who labored under Otis, now sued in their own names. The respondents relied mainly upon their contract, as before, and set forth, in their answer, that they were, and always had been, ready to pay the sum of $900 to Holbrook, or to any person authorized by him to receive it.

Seth Webb, Jr., for libellants.
John C. Dodge, for claimants.

SPRAGUE, District Judge, held that the vessel was in a condition to be the subject of salvage service. The men who labored under Holbrook, in attempting to launch the vessel, were not salvors, inasmuch as the services by them rendered had no tendency to relieve her from peril, and did not at all contribute to her ultimate safety; that the men who succeeded in relieving her were entitled to salvage compensation, unless the nature of the contract, under which they labored upon her, displaced their claim; that an agreement to relieve a vessel in peril, for an agreed compensation, is binding upon the salv-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

ors, and their compensation, although still salvage, is limited to the amount agreed; that persons assisting the contractor may sustain a claim for salvage, but the court will take care that the party receiving the salvage service shall, in such case, be protected against the contractor, so that he shall not be required to pay, in all, more than the amount named in the contract; and that when the contract is to labor upon the vessel, for a compensation to be paid at all events, whether the vessel be relieved from her peril or not, such a contract displaces a claim for salvage. That, in this case, it being shown that the men who labored under Otis were hired for a per-diem compensation, no decree could be made in their favor, nor could any decree be made in favor of any of the libellants, unless Holbrook became a party to the suit, or the respondents were in some way relieved from his claim upon the contract.

Subsequently, the counsel for the libellants moved for leave to amend, by making Holbrook a party, stating that he was authorized to act for Holbrook. Leave being granted, a decree was rendered in favor of Holbrook and Otis, for the $900, without costs, and the libel dismissed, as to all the rest of the libellants.