## THE CHOTEAU.

### (*Circuit Court, E. D. Louisiana.* June, 1881.)

1. SALVAGE.
    Salvors cannot force themselves on a vessel against the will of the master.

In Admiralty.

*M. M. Cohen*, for libellants.

*A. Micou*, for claimants.

PARDEE, D. J. In this case I have found no necessity to elaborately find and write out the facts. There is disagreement on only two points: (1) Whether the Choteau rang her bell rapidly for assistance. (2) Did the Protector get her line aboard the Choteau and throw any water on the fire and render assistance? Both of these I find against the libellants. The bell of the Choteau was rung three times for a landing, and was not rung for assistance. The fact is that the Protector's captain, hearing of the fire, and hearing a bell rung, run his boat alongside the Choteau, and attempted to assist in quenching the fire, but his offers of assistance were rejected, and his attempts prevented by the master of the Choteau, who was able and willing to and did take care of his own boat. Salvors cannot force themselves upon vessels in distress against the will of the master. It is at his option to accept their services or not, and if he refuse them compensation cannot be recovered for assistance subsequently rendered against his will. *The Brig Susan*, 1 Sprague, 502. That the sailors have no right to act against the will of the master. *The Dodge Healy*, 4 Wash. 657; *The Bee*, Ware, 332.

When services are rendered without any beneficial results no salvage can be allowed. *Schooner Elvira*, Gilpen, 60; Conkling, Adm. 280; *The Whitaker*, 1 Sprague, 282; *The Dodge Healy*, 4 Wash. 657.

Under this state of facts and these authorities libellants have no claim for salvage against the Choteau, nor do I think that under the general facts of the case libellants are entitled to any allowance for labor and expense in going to the assistance of the Choteau. It was in the port of New Orleans. The Protector's sole business is as a salvage boat. She is owned and run by an incorporation of insurance company presidents for harbor protection. The crew are under pay for such service, with a contract waiving salvage. The boat had steam up, ready to go to any point. The boat is of iron, and neither she nor her crew ran any risk. Besides, in trying to aid the Choteau against the will of her master, the captain and crew of the Protector were violent and aggressive, and apparently disposed to lay the foundation for a salvage claim. See the case of *The Straton Audley*, 3 Maritime Law Cas. 285.

The proctor for libellants has made a vigorous effort to recover costs or to divide them. There is no doubt the question is within the discretion of the court. The good faith of parties should be considered among other matters. In the court below the decision was against the libellants, and the judge seems to have doubted the good faith of the parties from the incipiency of the suit, and gave costs as well as judgment against them.

On the appeal this court substantially coincides with the district judge. The claimants have been at considerable necessary, unavoidable expense on account of this action, which has no merit. They should not be saddled with the costs besides.

Let the libel be dismissed, with costs.

See 5 FED. REP. 463.